```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ROSSIE R. TACKETT,

                Plaintiff,

vs.                                  Case No. 2:04-cv-563-FtM-29SPC

UTILX CORPORATION,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #28) filed on December 30, 2005. Defendant filed a memorandum in support of its Motion (Doc. #29), and its Statement of Undisputed Facts (Doc. #30) on the same date. Plaintiff Rossie Tackett filed his Response on February 24, 2006. (Doc. #39). Both parties filed materials, including affidavits and deposition transcripts, in support of their respective positions.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the

outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995).

**II.**

Plaintiff filed a one-count complaint claiming that defendant, Utilx Corporation ("Utilx") discriminated against him on the basis of his age in violation of the Florida Civil Rights Act, by

wrongfully terminating him. For Summary Judgment purposes, the Court adopts the "Concise statement of Facts which are admitted and will require no proof at trial" portion of the joint Pretrial Statement (Doc. #48-1), and views any disputed fact in favor of plaintiff. The Summary Judgment facts, viewed in the light most favorable to plaintiff, are as follows: Utilx, a foreign corporation, is an electrical utility contractor, engaged in underground power cable rehabilitation for the electrical utility industry. Rehabilitation of underground cable can be done in at least two ways, "cable injection" and "cable pulling." "Cable injection" involves knowledge of injection and specific craft work and proficiency with TDR equipment. This process rehabilitates the underground power cable by injecting silicone into the cable, and thereby rejuvenating the cable. However, when Utilx is unable to repair the underground cable with the "cable injection" process, Utilx uses a "cable pulling" process to remove old cables and install new ones. This process involves a three-person crew of line workers that are supervised by a foreman. A team leader or coordinator supervises several crews and their foremen.

During plaintiff's employment with Utilx, the "cable injection" and the "cable pulling" processes were separated into two divisions within the company. Plaintiff, Rossie R. Tackett ("Tackett"), began his employment with Utilx in April 1999 as a lineman. Scott Reid ("Reid") supervised Tackett from January through October of 2001, at which point Tackett took disability

leave. Tackett took one year of disability for a hip injury unrelated to his employment at Utilx and returned to work in October 2002[1]. Upon returning to work on the drilling/cable pulling side of operations, Russell Squire ("Squire") supervised Tackett until plaintiff was reassigned to cable injection under Reid's supervision, where he remained until his termination on November 5, 2003.

In September 2003, the cable injection and cable pulling divisions merged into one. Consequently, the employees performed all services related to underground power cable rehabilitation, and Utilx laid off several managers. Subsequently, due to a decline in business, Utilx mandated budget cuts in its Florida operations and eventually closed the Port Charlotte office.

As a result of the budget cuts, Utilx was forced to lay off employees in the Port Charlotte office, which it characterizes as a reduction in force ("RIF"). To determine whom Utilx should terminate, Reid and Donna Durfey, Reid's supervisor, used a "layoff list" matrix which Reid prepared. The matrix included four categories of ratings for each employee. These categories were safety, proficiency, knowledge, and accuracy. Moreover, additional points were added to employees' scores for years of service. After analyzing the matrix results, Reid terminated plaintiff's employment in November 2003.

---

[1] According to his deposition, Tackett was actually rehired. (Doc. #34D, pp. 97-98.)

After Tackett exhausted his administrative remedies, he filed a Complaint alleging that Utilx terminated him based on his age in violation of the Florida Civil Rights Act in the Circuit Court for the Twentieth Judicial Circuit, in and for Charlotte County, Florida. Defendant properly removed the action to this Court on November 15, 2004. (Doc. #1). Defendant now seeks summary judgment in its favor for the age discrimination claim, and argues (1) plaintiff cannot establish a prima facie case of age discrimination through direct, statistical, or circumstantial evidence; (2) that Utilix "articulated legitimate, non-discriminatory reasons for its decision to conduct the RIF in which plaintiff was terminated and for the process by which it determined plaintiff would be laid off" (Doc. #28, p.2); and (3) plaintiff failed to make any showing that the reasons for the RIF or the process of conducting the RIF were pretextual.

**III.**

Plaintiff claims that Utilx discriminated against him based upon his age, in violation of the Florida Civil Rights Act ("FCRA"). The Eleventh Circuit analyzes claims under the FCRA using the same principles developed for analyzing Title VII cases. Morris v. Arizona Beverage Co., L.L.C., 126 Fed. Appx. 941, 941 n.1 (11th Cir. 2005). To establish a claim under the Florida Civil Rights Act in a case where the employee's job was eliminated, a plaintiff must demonstrate: (1) that he was a member of the protected group of persons between the ages of forty and seventy;

(2) that he was subject to adverse employment action;(3) that he was qualified to do the job; and (4) evidence by which the fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision to terminate the employee. Jameson v. The Arrow Co., 75 F3d 1528, 1531 (11th Cir. 1996). By establishing a prima facie case, the plaintiff creates a rebuttable presumption that the challenged action was motivated by discriminatory intent. Equal Employment Opportunity Comm'n v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002), cert. denied, 539 U.S. 941 (2003). The burden then shifts to the defendant to produce a "legitimate, nondiscriminatory reason" for the challenged employment action. in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Lubetsky v. Applied Card Sys., Inc., 296 F.3d 1301, 1305 (11th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). If the defendant articulates one or more such reasons, the presumption of discrimination is rebutted and the burden shifts back to the plaintiff to prove that the reasons offered by the defendant are a pretext for unlawful discrimination. McDonnell Douglas, 411 U.S. at 805; Lubetsky, 296 F.3d at 1305; Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Joe's Stone Crabs, 296 F.3d at 1273.

## A.   Prima Facie Case

The Court finds that plaintiff has presented a prima facie case of discrimination through circumstantial evidence.  First, there is no dispute that plaintiff is a member of the protected group of persons between the ages of forty and seventy, or that he experienced an adverse employment action.  Second, the undisputed evidence establishes that plaintiff was qualified to do the jobs of "cable pulling' and "cable injection."  Tackett has been working in the industry for thirty years.  See Clark v. Coates & Clark, 990 F.2d 1217, 1227 (11th Cir. 1993).  Utilx promoted Tackett from a lineman to a foreman (Doc. #34D, p. 90).  Testimony of his peers and supervisors in the Summary Judgment record speak to his competence at the jobs.  (See: Doc. #34K, H, L).  Third, at this stage of the proceedings, plaintiff presented sufficient circumstantial evidence by which the fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision to terminate the Tackett.  Utilx terminated several employees who were over the age of fifty.  (Doc. #30, p. 16).  Plaintiff submitted evidence that Reid, the decision maker in this case, had antipathy towards older employees, as indicated by his alleged utterance of several discriminatory remarks, including that if he had the necessary authority he would fire any employee over the age of forty or fifty.  Given Reid's role in evaluating and terminating plaintiff's employment, this is sufficient evidence that a reasonable juror could conclude that

Utilx intentionally discriminated against plaintiff in terminating his employment.

### B. Pretext

Pretext is a disputed issue of fact in this case. In their Joint Pretrial Statement (Doc. #48-1) the parties agree that there are issues of fact left to be litigated; specifically whether age was a motivating factor in the decision to lay off and ultimately terminate Tackett's employment (Id. at p. 19)[2].

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Summary Judgment (Doc. #28) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of April, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[2]United States District Court, Middle District of Florida, Local Rule 3.06(e) states in pertinent part: "All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein . . . The pretrial statement and the pretrial order . . . will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice."